UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CINE SK8, INC., d/b/a FUN QUEST, AND
DOUGLAS J. LUSTIG, as Trustee for
ROSS CATALANO,

                          Plaintiff

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS
MOTION TO DISMISS AND
FOR SUMMARY JUDGMENT**

            vs.

Case No. 02-CV 6205

THE TOWN OF HENRIETTA, JAMES BREESE,
INDIVIDUALLY AND AS SUPERVISOR FOR
THE TOWN OF HENRIETTA, AND CHRIS ROTH,
INDIVIDUALLY, AND AS TOWN OF
HENRIETTA FIRE MARSHALL,

Hon. Jonathan W. Feldman

                  Defendants.

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of the motion by the

Defendants for an order dismissing the Complaint pursuant to Rule 12 (b)(6) and/or for

summary judgment pursuant to Rule 56; and for an Order directing that the Defendants, James

R. Breese and Chris Roth, are entitled to the defense of qualified immunity. The relevant facts

relating to the instant motion are set forth in the accompanying motion papers and the

Statement of Material Facts and, in the interest of the brevity, are not unnecessarily repeated

herein.

## SUMMARY OF ARGUMENT

The Defendants have moved for summary judgment. As this Court stated in *Sanchez v.*

*Town of Greece*, 2004 WL 1964505 (W.D.N.Y.)*2.

> "Summary Judgment shall be granted only if the pleadings
> and supplemental evidentiary materials "show that there is
> no genuine issue as to any material fact and that the moving
> party is entitled to judgment as a matter of law." Fed.
> R.Civ.P. 56 (c). No genuine issue of material fact exists if
> "the record taken as a whole could not lead a rational trier
> of fact to find for the non-moving party." *Matsushita Elec.
> Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 106
> S.Ct. 1348, 89 L.Ed.2d 538 (1986).
>
> The burden of showing the absence of any genuine issue of
> material fact rests on the moving party. *Celotex Corp. V.
> Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265
> (1986). When a Court is confronted with facts that permit
> different conclusions, all ambiguities and inferences that
> may reasonably be drawn from the underlying facts must be
> viewed in the light most favorable to the non-moving party.
> *Adickes v. S.H.Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct.
> 1598, 26 L.Ed. 2d 142 (1970); *Gottlieb v. County of
> Orange*, 84 F.3d 511, 518 (2d Cir. 1996). Rule 56(e),
> however, also provides that in order to defeat a motion for
> summary judgment, the opposing party must "set forth
> specific facts showing that there is a genuine issue for trial.
> Such an issue is not created by a mere allegation in the
> pleadings [citation omitted], nor by surmise or conjecture
> on the part of the litigants." *United States v. Potamkin
> Cadillac Corp.*, 689 F.2d 379, 381 (2d Cir. 1982) (per
> curium)".

The Defendants have also moved for an order dismissing the Complaint pursuant

to Rule 12 (b)(6).  Dismissal of a complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12 (b)(6) is proper where "it appears beyond a doubt

that the Plaintiff can prove no set of facts in support of his claim that would entitle him

to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999).  The test is not

whether the Plaintiff is ultimately likely to prevail, but whether he is entitled to offer

evidence to support his claims. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the Complaint are true, and draws all reasonable inferences in Plaintiffs' favor. *EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir.2000).

With these legal principals in mind the Defendants submitted the following arguments:

Plaintiffs have failed to plead and prove that they have a valid property interest protected by the United States Constitution and that they were deprived of that property interest without due process;

The Defendants, James R. Breese and Chris Roth are entitled to the defense of qualified immunity;

There is no proof of liability against the Town of Henrietta under §1983 since Plaintiffs have failed to plead and prove that the conduct complained of arose by virtue of a Town custom or policy;

Plaintiffs have failed to plead and prove facts sufficient to constitute a claim for §1985 (3) conspiracy;

Plaintiff, Ross Catalano, has failed to plead and prove facts sufficient to constitute a claim for intentional infliction of emotional distress;

Plaintiff, Ross Catalano, has failed to plead and prove facts sufficient to constitute a claim for embarrassment and humiliation;

Plaintiffs have failed to plead and prove facts sufficient to constitute a claim for tortuous interference with business relations;

Plaintiffs have failed to plead and prove facts sufficient to constitute a violation of Equal Protection based on selective enforcement;

The Town Board had a rational basis and a legitimate reason for its decision to amend Plaintiffs' Special Use Permit to exclude teen dances; and

If the Plaintiffs' federal claims are dismissed before trial, the state claims should be dismissed as well.


## POINT I

### Due Process
### Plaintiffs Have Failed to Establish That They Have a
### Property Interest Protected by The Constitution

On April 3, 2002, after a public hearing, the Town Board of the Town unanimously adopted a resolution amending FunQuest's Special Use Permit to exclude teen dances as a permitted use (Sortino Affirmation Exhibit F attached to Exhibit 5, pp 52-57). It was this resolution by the Town Board and not any action or conduct by Roth or Breeze that ended the teen dances conducted by FunQuest, (Breeze as a Supervisor is a member of the Town Board and voted in favor of this resolution representing only one vote of a total of five votes)

The Plaintiffs claim that they had a property interest in a Special Use Permit to operate "teen dances" protected by the Constitution which could not be amended by the Town. The Special Use Permit was granted to FunQuest. Catalano is only an employee of FunQuest and thus he has no property interest in the Special Use Permit.

Section 1988 of Title 42 of the United States Code provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Under this section, an individual whose constitutional rights have been violated by a person acting under color of state law may file a lawsuit in federal court seeking compensation. *Richardson v. McKnight*, 521 U.S. 399, 403, 117 S. Ct.2100, 138 L. Ed.2d 540 (1997).

To prevail in a §1983 action, "a plaintiff must prove that the challenged conduct was attributable at least in part to a person acting under color of state law, and that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *"Wimmer v. Suffolk County Police Dep't*, 176 F. 3d 125, 137 (2d Cir. 1999).

The Fifth and Fourteenth Amendments provide that no person may be deprived of life, liberty, or property without "due process of law." *U. S. Const. Amend V, XIV.* There are two broad categories of due process claims— substantive and procedural. A substantive due process claim is based upon the deprivation of a constitutionally protected life, liberty or property interest. *B. D. V. DeBuono*, 130 F. Supp.2d 401, 431 ( S. D. N. Y.) 2000; See also, *Lawrence v. Baxter*, 2004 WL 1941347 at *3 (W. D. N. Y.) A procedural due process violation occurs when the Government deprives a person

of a protected life, liberty or property interest without first providing that person with

notice and an opportunity to be heard *B. D. V De Buono* Id at 432-33.

      A.     PROPERTY INTEREST

      The analysis of whether Plaintiffs state a claim for improper deprivation

of a property interest occurs in two steps. *Narumanchi v. Bd. Of Trustees of Conn. State

Univ.*, 850 F2d 70, 72 (2d Cir. 1988)

> "The threshold issue is always whether the plaintiff has a
> property or liberty interest protected by the Constitution." *Id.*
> "*If* a protected interest is identified, a court must then consider
> whether the government deprived the plaintiff of that interest ·
> without due process." *Id.* (emphasis in original)

    "A protectable property interest is not created by the Constitution

. "*Ferrara v. Superintendent, N.Y.S. Police Dep't*, 26 F Supp.2d 410, 414 (N.D.N.Y.

1998) (*citing Bd. Of Regents v. Roth*, 408 U. S. 564, 577, 92 S. Ct. 2701, 33 L. Ed.,2d

548 (1972)). "Rather, [property interests] are created and their dimensions are defined

by existing rules or understandings that stem from an independent source such as state

law.' *Ferrara*, 26 F. Supp.2d at 414 (emphasis in original) (quoting Roth, 408 U. S. at

577). "To have a property interest in a benefit, a person clearly must have more than an

abstract need or desire for it... He must, instead, have a legitimate claim of entitlement to

it. "*Ezekwo v. New York City Health & Hospitals Corp.*, 940 F.2d 775, 782 (2d Cir.

1991) (quoting *Roth*, 408 U. S. at 577). See also, *Lawrence, supra,* 2004 WL 1941347 at

p.3.

    In applying the Due Process Clause of the Fourteenth Amendment in the context

of land-use regulation, such as a special use permit, a party alleging a substantive due process claim must first establish that he had a valid "property interest" in a benefit that was entitled to constitutional protection at the time he was deprived of that benefit. *Zahra v. Town of Southold,* 48 F. 3d 674, 679 (2d Cir. 1995).

The Second Circuit applies a strict "entitlement" test in land use regulation cases to determine if the abridgement of an asserted property right is cognizable under the substantive component of the Due Process Clause. *Harlen Assoc. v. Incorporated Village of Mineola,* 273 F 3d 494, 503 (2d Cir. 2001) *D. L. C. Mgmt. Corp. V. Town Hyde Park;* 163 F 3d 124, 130 (2d Cir. 1998). This analysis focuses on whether the entity asserting the property right has a "legitimate claim of entitlement" to have its application granted. *Harlen,* supra 273 F 3d at 504 citing *Zahra,* 48 F 3d at 680. A "legitimate claim of entitlement" exists where; under applicable state law, "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Walz v. Town of Smithtown,* 46 F. 3d 162, 168 (2nd Cir. 1995) (quoting *Yale Auto Parts v. Johnson,* 758 F. 2d 54, 59 (2nd Cir. 1985) see also Harlen supra 273 F 3d at 504. As a general rule "entitlement" turns on whether the issuing authority lacks discretion to deny the permit, i.e., is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met" *Natale v. Town Ridgefield,* 170 F 3d 258, 263 (2d Cir. 1999) see also *Harlen* supra 273 F 3d at 504.

Plaintiffs appear to claim that they had a constitutionally protected property right to the continuation of the Special Use Permit which could not be amended by the Town

Board.  As previously discussed, a protectable property interest is not created by the

Constitution but by state law. *Ferrara* supra 26 F. Supp. 2d at 414.  Under New York

Law, where the Town Board reserves to itself the power to grant or deny special use

permits, "grant or denial of the permit is left to the 'untrammeled, but of course not

capricious discretion' of the Board with which courts may interfere only when it is clear

that the Board has acted 'solely upon ground which as a matter of law may not control.'"

*Retail Prop. Trust v. Board of Zoning Appeals of Town of Hempstead*, 281 A.D.2d 549

(2nd Dep't 2001) (quoting *Cummings v. Town Bd. Of N. Castile*, 62 NY2d 833, 835

(1984). See also: *Harlen,* supra. 273 F. 3d at 504.

        In addition, the *Code of the Town of Henrietta Article XII entitled "Permits"*

*section*s 295-50 to 295-54 (Sortino Affirmation Exhibit 28) vest considerable discretion

in Town Board with respect to granting, denying or revoking a special use permit.

Among other things, the Board must consider "Whether the proposed use will create

hazzards or dangers to the public...from fire... traffic congestion, crowds or other causes

(Sec. 295-53 (E)) and "What conditions, restriction and safeguards are necessary to

protect property values in the vicinity of the proposed use and for the protection of the

health, safety, morals, peace and general welfare of the community and of the public."

(295-53 (F)).  Although the Town's Code requires that the Board consider certain

standards, the ultimate decision as to wether to grant, deny or revoke a special use

permit conclusively lies with the Board. *Harlen* supra 237 F 3d at 504.  The presence of

that discretion precludes any legitimate claim of entitlement by Plaintiffs.  Therefore,

Plaintiffs' due process claim must fail as matter of law Harlen supra 273 F3d at 505

citing *Crowley v. Courville*, 76 F 3d 47 at 52 (2d Cir. 1996)

### B.   DEPRIVATION

As noted above, the second part of the due process inquiry is whether the Plaintiffs were deprived of a protected property interest without due process. In the instant case, even assuming, *arguendo*, that Plaintiffs had a protected property interest in the continuation of the Special Use Permit, their due process claim would still fail as a matter of law.

New York Law provides a remedy for the improper denial or amendment of a special use permit. A person may challenge the amendment to a special use permit by commencing a proceeding under Article 78 of the New York Civil Practice Law and Rules. Accordingly, with respect to the question of constitutional due process, the Plaintiffs had an adequate post-deprivation remedy available to them, in the form of an Article 78 Proceeding. Plaintiffs never initiated an Article 78 proceeding to challenge the Town Board's amendment to the Special Use Permit issued to FunQuest to exclude teen dancing as a permitted use. Any injury suffered by the Plaintiffs was caused only by their failure to pursue the Article 78 remedy available to them. Plaintiffs cannot now complain that they have been denied due process. As a matter of law, Plaintiffs suffer no due process violation. *Hernandez v. City of Rochester*, 212 F Supp2d 143, 151 (W.D.N.Y. 202) *Lawrence*, supra 2004 WL 1941347 at *4.

Finally, Plaintiffs contend that the Town Board's decision to stop the dances was made prior to the April 3, 2002 meeting in violation of New York's "sunshine laws" Exhibit 1 paragraph 66 (#1). New York's "sunshine laws" is the Open Meetings Law

9

(Public Officers Law Article 7). Public Officers Law § 107 provides that any aggrieved

person may enforce the provisions of Article 7 by the commencement of a proceeding

pursuant to Article 78 of the New York Civil Practice Law and Rules.  Once again

Plaintiffs had an adequate post-deprivation remedy available to them which they failed

to pursue.  Again, any injury suffered by Plaintiffs was caused only by their failure to

pursue a remedy available to them *Hernandez,* supra 151; *Michalak v. Zoning Board of*

*Appeals of Town of Pomfret,* 286 A.D.2d 906, 908, 731 N.Y.S.2d 129, 131 (4th Dept.

2001).

Plaintiffs have failed to meet the burden of proof for both parts of the due

process inquiry: they have failed to establish that they had a property interest protected

by the Constitution; and even if they had such a property interest, they have failed to

establish that they were deprived of that interest without due process.  Plaintiffs' due

process claim should be denied as a matter of law.

## POINT II

### The Defendants, Breese and Roth, Are
### Entitled to Qualified Immunity

Public officials are entitled to the defense of qualified immunity if their conduct

does not violate clearly established law or if it was objectively reasonable for such

public officials to believe that their actions did not violate clearly established law.  *Patel*

*v. Searles,* 305 F.3d 130, 135 (2d Cir. 2002) cert. denied 538 U.S.907, 123 .Ct. 1486,

155 L. Ed 227 (2003).

Qualified immunity is not only a defense but also an entitlement not to stand trial

or face other burdens of litigation; an immunity from suit rather than a mere defense to liability which is effectively lost if a case is erroneously permitted to go to trial. *Loria v. Gorman*, 306 F2d 1271, 1281 (2d Cir. 2002) citation omitted. The Supreme Court has made it clear that "[w]here the defendant seeks qualified immunity a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed. 2d 272 (2001).

To establish a qualified immunity defense then, Defendants must show either "(a) the Defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the Defendant to believe that his action did not violate such law." *Kent v. Katz*, 312 F3d 568, 573 (2d Cir. 2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034,97 L.Ed.2d 523 (1987)); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19; 102 S.Ct. 2727, 73 .Ed. 2d 396 (1982)). In other words, Defendants are entitled to qualified immunity if their conduct was objectively reasonable. Breese and Roth are entitled to qualified immunity if it was objectively reasonable for them to believe their actions did not violate the Plaintiffs' rights.

The applicability of qualified immunity s a question of law that is reserved for decision by the Court. *Warrant v. Dwyer*, 906 F.2d 70, 76 (2d Cir.)., cert. denied, 498 U.S. 967, 111 S. Ct. 431, 112 L.Ed. 2d 414 (1990).

As discussed in POINT I "DUE PROCESS," Plaintiffs have failed to establish that they had a property interest in FunQuest's Special Use Permit protected by the Constitution. Therefore, Breese and Roth did not violate "clearly established law." Even

if Plaintiffs had such a property interest, they have failed to establish that they were deprived of that interest without due process.

On April 3, 2002, the Town Board of the Town unanimously adopted a resolution amending FunQuest's Special Use Permit to exclude teen dances as a permitted use. It was this resolution by the Town Board and not any action or conduct by Roth or Breese that ended the teen dances conducted by FunQuests (Breese cast his one vote as supervisor). Plaintiffs never initiated an Article 78 Proceeding to challenge the Town Board's resolution.

In any event, Roth's decision to reduce the dense crowd in the dance club and disburse the crowd to other areas of the building was objectively reasonable base don what he observed at FunQuest's facility on March 9th.

In light of Roth's report (Exhibit 11) and the Sheriff's Incident Report (Exhibit 13) it was objectively reasonable for Breese to request, in his letter of March 11, 2002 to Catalano (Exhibit 15), that Plaintiffs immediately discontinue the "teen dances' until further notice.

Breese and Roth are entitled to qualified immunity as a matter of law since their conduct was objectively reasonable.

Finally, on a motion for summary judgment asserting the defense of qualified immunity, the Plaintiff has an obligation to offer "particularized evidence of direct or circumstantial facts" supporting a claim of unlawful intent. See *Blue v. Koren*, 72 F.3d 1075, 1083 (2d Cir. 1995); see also *Crawford-El v. Britton*, 523 U.S. 574, 600, 118 S. Ct. 1584, 140 L.Ed. 2d (1998) (requiring plaintiff to come forward with "affirmative

evidence" of unlawful intent to defeat a motion for summary judgment based on

qualified immunity).

## POINT III

**Plaintiffs Have Failed to Plead
and Prove a Basis for Municipal
Liability under §1983**

The Plaintiffs have failed to allege or to prove that their claims against the

Defendant, Town of Henrietta, for deprivation of their constitutionally protected rights

resulted from a policy or custom of the Town.

As this Court stated in *Sanchez v. Town of Greece*, 2004 WL 1964505 at *5

(W.D.N.Y.)

> "It is well settled law that personal involvement of a
> defendant is a prerequisite to a finding of liability under
> §1983. *Wright v. Smith*, 21 F. 3d 496, 501 (2d Cir. 1994);
> *Sprau v. Coughlin*, 997 F. Supp. 390, 393 (W.D.N.Y. 1998).
> A municipality will not be liable every time one of their
> officials commits a constitutional tort. See *Monell v.
> Department of Soc. Servcs.*, 436 U.S. 658, 694, 98 S. Ct.
> 2018, 56 L. Ed. 2d 611 (1978) (local government may not
> be sued under §1983 for an injury inflicted solely by its
> employees). Rather, a plaintiff suing a municipal authority
> under §1983 must prove that the constitutional wrong
> complained of resulted from the municipal authority's
> official policy. See *Monell*, 436 U.S. at 691."

In the instant case, as in Sanchez, the Plaintiffs have produced no evidence that

any of the alleged acts of deprivation of their constitutionally protected rights stemmed

from any" policy, practice or custom" of the Town.  Thus, the motion for summary

judgment by the Town should be granted.

# POINT IV

## Plaintiffs Have Failed to Plead and Prove Facts
## Sufficient to Constitute a Claim
## For §1985 (3) Conspiracy

Plaintiffs claim in their sixth cause of action that Defendants conspired to prevent Plaintiffs from exercising their vested property rights pursuant to the U.S. and New York Constitutions.  Plaintiffs claim that Defendants conspired to take actions which would lead to a loss of FunQuest's business and to closure of their dance club.  A §1985(3) conspiracy claim applies to individuals and not corporations.  Thus, FunQuest has no standing to make this claim.

As the Court stated in *Hernandez v. City of Rochester*, 212F. Supp.2d 143,147:

> "It is well established that in order to demonstrate a §1985(3) conspiracy 3..., a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property o deprived of any right of a citizen of the United States. See *Brown v. City of Oneonta, New York*, 221 F.3d 1085, 1087 (2d Cir.1993). Further, a §1985(3) claim must involve a deprivation of rights as a result of some racial, ethnic or class-based animus on the part of the defendants.  See *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir.1987). Conclusory, vague and general allegations of conspiracy are not sufficient to establish the existence of §1985 violations. See *148 Ostrer v. Aronwald*, 434 F. Supp. 379, 390 (S.D.N.Y.1977), aff'd, 567 F.2d 551, 553 (2d. Cir.); see also *Thornton v. City of Albany*, 831 F. Supp.970 (N.D.N.Y. 1993)."

Plaintiffs allege that Defendants' actions were motivated by racial animus toward Plaintiffs' African-American clientele.  Plaintiff Catalano has failed to plead or prove

that Defendants engaged in any concerted effort to deprive him of equal protection, or

any rights or privileges based on his race or ethic background. The §1985 (3)

conspiracy claim must be dismissed. *Hernandez*, supra at 148.

## POINT V

### Plaintiff, Ross Catalano, Has Failed to State Facts Sufficient to Constitute a Claim for Intentional Infliction of Emotional Distress.

Plaintiff Catalano asserts a claim that he suffered emotional distress, trauma,

nervousness and anxiety which sounds as a claim for intentional infliction of emotional

distress. The standard for successfully pleading a claim for intentional infliction of

emotional distress requires a Plaintiff to establish four elements: (1) extreme and

outrageous conduct, (2) intent to cause, or disregard of a substantial probability of

causing, severe emotional distress, (3) a causal connection between the conduct and the

injury, and (4) severe emotional distress. See *Howell v. New York Post Co.*, 81 N.Y.2d

115, 121, 596 N.Y.S.2d 350, 353, 612 N.E. 2d 699, 702 (1993); *O'Brandovich v. Village

of Tuckahoe*, 2004 WL 1616588 at 18 (citations and quotations omitted).

New York sets a high threshold for conduct that is "extreme and outrageous"

enough to constitute an infliction of emotional distress. Courts have described the

necessary behavior to sustain a claim as "so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized society", *Murphy v. American Home Products

Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S. 2d 232, 236, 448 N.E. 2d 86, 90 (1983),  quoting

the Restatement of Torts, Second, Section 46 cmt. D (1965); *O'Brandovich* supra at 18

(citations and quotations omitted). There must also exist a "deliberate and malicious campaign of harassment or intimidation" on the part of the defendant. *Doe v. American Broadcasting*, 152 A.D.2d 482, 543 N.Y.S 2d 455 (1989)

The instant case clearly does not fall within the proscribed conduct. The Plaintiff, Ross Catalano, alleges that he suffered emotional distress, trauma, nervousness and anxiety as the result of FunQuest going out of business. As discussed in POINT I "Due Process" the Town Board of the Town unanimously adopted a resolution amending FunQuest's Special Use Permit to exclude teen dances as a permitted use as the result of the incidents on March 9th. The Special Use Permit to operate teen dances was granted to FunQuest and they did not have a protectable property interest in the permit. Catalano was only an employee of FunQuest and he had not property interest in the Special Use Permit and the continuation of teen dances. As such, Catalano has no standing to make a claim for intentional infliction of emotion distress. Even if Catalano had such standing, Plaintiffs have failed to plead and prove the four elements of a claim for intentional infliction of emotional distress and therefore this claim must be dismissed.

## POINT VI

**Plaintiff, Ross Catalano, Has Failed to Plead
and Prove Facts Sufficient to Constitute a Claim
for Embarrassment, Humiliation and Loss of Reputation**

Plaintiff, Ross Catalano, claims that as the result of Defendants deprivation of his constitutional rights he was caused to suffer embarrassment, humiliation and loss of reputation. This claim sounds as a state law defamation action.

A person's interest in his or her good reputation alone, apart from a valid

property interest protected by the Constitution, is not a liberty or property interest

sufficient to invoke the procedural protection of the Due Process Clause or create a

cause of action under §1983, *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Morris v.*

*Lindau*, 196 F.3d 102, 114 (2d Cir.1999).

As discussed in POINT I, Plaintiff, Ross Catalano, did not have a valid property

interest protected by the Constitution. When dealing with the loss of reputation, alone, a

state law defamation action for damages is the appropriate means of obtaining relief.

Paul v. Davis, 424 U.S. supra at 699-701.; Lauro v. Charles, 219 F 3d 202, 207 (2d Cir.

2000).

Therefore, this claim for defamation must be dismissed.

### POINT VII

**Plaintiffs Have Failed to Plead and**
**Prove Facts Sufficient to Constitute a Claim**
**for Tortuous Interference with Business Relations**

In their seventh cause of action, Plaintiffs claim that Defendants engaged in a

course of conduct designed to cause them loss of business of teen dances. Exhibit 1

paragraphs 76-84 (#1). Plaintiffs allege that the Breese letter of March 11, 2002

(Exhibit 15; Exhibit 1 §¶ 45) and the March 14, 2002 statements by Breese to the media

that FunQuest discontinue the "teen dances" until further notice (Exhibit 23) caused

Plaintiffs' weekend business to drop (Exhibit 1 ¶ 60). Plaintiff, Ross Catalano, was an

employee of FunQuest and was not an officer, director or shareholder of FunQuest.

(Catalano EBT Exhibit 7).  As such, Catalano has no standing to make this claim.

As the Court stated in *Hernandez v. City of Rochester*, 212 F. Supp.2d 143, 148

(W.D.N.Y. July 11, 2002).

> "To state a prima facie case of tortious interference with a
> prospective business relationship under New York law, the
> plaintiffs must show: "(1) business relations with a third
> party; (2) the defendant[s'] interference with those
> business relations; (3) that the defendant[s] acted with the
> sole purpose of harming the plaintiff[s] or used dishonest,
> unfair, or improper means; and (4) injury to the business
> relationship." See *Astor Holdings, Inc. v. Roski*, 2002 WL
> 72936 at *19 (S.D.N.Y. Jan. 17, 2002) A claim sounding
> in interference with economic relations must contain an
> allegation that relations would have occurred but for the
> wrongful interference.  See *Vigoda v. DCA Productions
> Plus Inc.*, 293 A.D.2d 265, 741 N.Y.S.2d 20, 23 (1st Dept.,
> 2002). In this tort action, like any other, plaintiffs must
> establish that they have suffered actual damages."

As discussed in Point III, on Municipal Liability, the Plaintiffs have failed to

prove that any of the alleged acts on the part of the Town stemmed from any "policy,

practice or custom" of the Town.  Therefore, this claim against the Town for tortuous

interference with a business relationship must be dismissed.

FunQuest has failed to plead or prove that they had a "business relationship with a

third party" and that the Defendants interfered with those relations.  At the time of the

public hearing on April 3, 2002 (Exhibit F attached to Exhibit 5) and at his EBT, James

Drew, an officer and shareholder of FunQuest, admitted that FunQuest did not have a

written security plan and did not have a membership plan in place as represented in

FunQuests Letter of Intent (Sortino Affirmation ¶ 37). Without a membership plan

FunQuest did not have a business relationship with possible patrons of the dance club.

FunQuest's business relationship with the general contractor who constructed the leasehold improvements for FunQuest's facility resulted in a judgment entered against FunQuest for sum $367,298.40 (Sortino Affirmation ¶ 45) FunQuest's owed their landlord rent and executed a confession judgment to their landlord in the amount of $156,137.78 (Sortino Affirmation ¶ 46).

The assertion by Plaintiffs that the Defendants acted with the sole purpose of harming the Plaintiffs or used dishonest, unfair, or improper means is "conjecture and speculation" that is insufficient to withstand the Defendants' motion for summary judgment. Lisa's *Party City, Inc. v Town of Henrietta*, 185 F.3d 12, 17 (2d Cir.1998). It is "conjecture and speculation" that the Breese letter dated 3/11/02 (Exhibit 15) and the Breese 3/14/02 statement to the media (Exhibit 23) were motivated by racial animus to keep African-Americans from entering Henrietta and becoming patrons of Plaintiffs'. The statement in Breese's letter that 'It is a "black eye" for everyone', is ambiguous and subject to many interpretations. However, what is clear and unambiguous in Breese's letter and statement to the media is that the issue is one of public safety.

On March 9th, in response to a 911 call from FunQuest, sheriff's deputies Stauber & Sofia responded and requested as many additional police units as could be provided due to the large size of the crowd with fights starting. A total of 41 police cars responded (Sortino Affirmation ¶ 22-24) It is submitted that the magnitude of the events on March 9th were a legitimate reason for the Town Board to amend FunQuest's Special Use Permit to exclude teen dancing as a permitted use. The legitimate reason was public safety.

Plaintiffs have failed to submit any evidence that the Defendants used any dishonest,

unfair, or improper tactics in amending their Special Use Permit.  Plaintiffs failure of

proof warrants dismissal of their claim for tortuous interference with business relations.

*Hernandez*, supra at 148.

### POINT VIII

**Plaintiffs Have Failed to Plead and
Prove Facts Sufficient To Constitute a Violation of
Equal Protection Based on Selective Enforcement**

At paragraph 25 of the Complaint Exhibit 1 (#1), Plaintiffs allege, upon

information and belief, that other businesses located in Henrietta have had similar over

crowding situations as FunQuest had on March 9, 2002 and Roth did not cause them to

be evacuated.

The Equal Protection clause of the Fourteenth Amendment directs that "all

persons similarly situated...be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*,

473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed. 2d 313 (1985) (citing Plyler v. Doe, 457

U.S. 202, 216, 102 S.Ct. 2382, 72 L.Ed. 2d 786 (1982)) *Lisa's Party City v. Town of*

*Henrietta*, 185 F.3d 12, 16 (2d Cir.1999) In order to establish a violation of equal

protection based on selective enforcement, the plaintiff must ordinarily show "(1) the

person compared with others similarly situated, was selectively treated; and (2) that such

selective treatment was based on impermissible considerations such as race, religion,

intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith

intent to injure a person." *LaTrieste Restaurant & Cabaret Inc. v. Village of Port Chester*,

40 F.3d 587, 590 (2d Cir. 1994) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d

Cir. 1980)). Lisa's Party City, Supra at 16.

The Supreme Court has made clear that "[p]roof of racially discriminatory intent or purpose is required' to show a violation of the Equal Protection Clause *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265, 97 S. Ct. 555, 50 L.Ed. 2d 450 (1977) (citing *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed. 2d 597 (1976); *City of Cuyahoga Falls Ohio, v. Buckeye Community Hope Foundation*, 538 U.S. 188, 194, 123 S.Ct. 1389 (2003).

Plaintiffs must satisfy both prongs of the test stated above to establish a violation of equal protection based on selective enforcement *Zahra v. Town of Southhold*, 48 F.3d 674, 683-684 (2d Cir. 1995)

Plaintiffs' assertion that, upon information and belief, they were selectively treated as compared with other similarly situated business in the Town is sheer "conjecture and speculation" that is insufficient to withstand the Town's motion for summary judgment *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) also see *Lisa's Party City*, supra at 17.

Plaintiffs have also failed to satisfy the second prong of the test.  Plaintiffs have failed to plead and prove that Roth's actions on March 9th were based on impermissible consideration such as Plaintiff's race or religion, or with intent to inhibit or punish the exercise of Plaintiffs' constitutional rights or malicious or bad faith.  Plaintiffs' equal protection claim should be denied as a matter of law.

## POINT IX

### The Town Board Had a Rational Basis
### And Legitimate Reason For It's Decision to Amend Plaintiffs'
### Special Use Permit to Exclude Teen Dances as a Permitted Use.

As discussed in POINT I, Plaintiffs never initiated an Article 78 Proceeding to

challenge the Town Board's amendment to the Special Use Permit issued to FunQuest to

exclude dancing as a permitted use.  Any injury suffered by Plaintiffs was caused by their

failure to pursue the Article 78 remedy available to them.  Plaintiffs cannot now

complain that the actions of the Defendants were arbitrary and capricious when they

failed to challenge those acts in an Article 78 proceeding.

For Plaintiffs to prevail on their claim that the actions of the Defendants were

arbitrary and capricious they must prove that such conduct was so outrageously arbitrary

as to constitute a gross abuse of governmental authority that will offend the substantive

component of the Due Process Clause. *Natale v. Town of Ridgefield*, 170 F 3d 258 (2nd

Cir. 1999) citing *RRI Realty Corp., v. Village of Southampton*, 870 F2d 911, 914 (2d Cir.

1989) The Supreme Court has held that "only the most egregious official conduct can be

said to be 'arbitrary in the constitutional sense." See County of *Sacramento v. Lewis*, 523

U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 1043 (1998); *City of Cuyahoga Falls Ohio*,

538 U.S. Supra at 198.

The Town had a legitimate reason for its decision to amend FunQuest's Special

Use Permit to exclude teen dances as a permitted use.  The Town had a rational basis and

a legitimate concern for public safety and cannot be said to have acted in an outrageously

arbitrary manner so as to violate Plaintiffs substantive due process rights. *Lisa's Party*

*City*, Supra 185 F.3d at 17. Plaintiffs' "arbitrary and capricious" claim must be dismissed as a matter of law.

## POINT X

### If Plaintiffs Federal Claims Are Dismissed, Plaintiff State Claims Should Also Be Dismissed.

As this Court decided in Sanchez, supra 2004 WL 1964505 (W.D.N.Y.) at 6 "Under 28 U.S.C. §1367, the Court may decline to exercise supplemental jurisdiction over a state law claim if, the district court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. §1367 (c)(3). "[I]t is well settled that 'if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 104 (2d Cir. 1990)(quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966))." see also *Martz v. Incorporated Village of Valley Stream*, 22 F 3d 26, 32 (2d Cir. 1994); *Travelers Ins. Co. V. Keeling*, 996 F 2d 1485, 1490 (2d Cir. 1993)

## CONCLUSION

For the foregoing reasons; the Defendants respectfully request that this Court grant summary judgment in favor of the Defendants and/or dismiss the Complaint as against them for failure to state a claim upon which relief can be granted and/or directing that the Defendants are entitled to the defense of qualified immunity and grant such other and further relief as the Court may deem just and proper.

Dated: April 20, 2005
      Rochester, NY

Respectfully submitted,

GALLO & IACOVANGELO, LLP

Anthony M. Sortino, Esq of Counsel
Attorneys for Defendants
39 State Street, Suite 700
Rochester, New York 14614
(585) 454-7145

    :    Jeffrey Wicks, Esq.
        Attorney for Plaintiffs
        36 West Main Street, Suite 318
        Rochester, New York 14614
        (585) 325-6070